UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **JESSTY REESE** | * | **CIVIL ACTION NO. 19-0078** |
| **vs.** | * | **JUDGE ELIZABETH E. FOOTE** |
| **DARREL VANNOY** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Petitioner Jessty Reese, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [doc. # 1]. Reese attacks his 2014 convictions for manslaughter and conspiracy to commit armed robbery, as well as the 75-year sentence imposed by Louisiana's Fifth Judicial District Court, Richland Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Background[1]

On January 23, 2013, Reese was indicted for: (1) conspiring with codefendant Cody Reynolds to rob Brandon Johnson in his home while armed with a firearm on December 16, 2012, in violation of La. R.S. 14:26 and 14:64; and (2) the second degree murder of Johnson during the attempted commission of that armed robbery, in violation of La. R.S. 14:30.1. His case was severed from that of his codefendant, and a jury trial began on May 5, 2014.

---

[1] The underlying facts in this case have been set forth in *State v. Reese*, 49,849 (La. App. 2 Cir. 5/20/15), 166 So. 3d 1175, 1178–80. Only the history relevant to the pending petition is included here.

On the second day of jury selection, Reese entered into a written plea agreement and pleaded guilty to the reduced charges of manslaughter, in violation of La. R.S. 14:31, and conspiracy to commit armed robbery, in violation of La. R.S. 14:26 and 14:64. A sentencing hearing was conducted. After consideration of the presentence investigation report, the trial court sentenced Reese to the maximum of 40 years at hard labor on the manslaughter conviction and 35 years at hard labor on the conspiracy to commit armed robbery conviction. Reasoning that the 40-year sentence was not enough, the trial court ordered the sentences to run consecutively. *Reese*, 166 So. 3d at 1178–80.

Reese filed a direct appeal in the Second Circuit Court of Appeal, claiming the trial court imposed a constitutionally excessive sentence. *Id.* at 1180. On May 20, 2015, the Second Circuit affirmed Reese's convictions and sentences. *Id.* at 1185. On June 3, 2016, the Louisiana Supreme Court denied Reese's subsequent application for writ of certiorari and/or review. *State ex rel. Reese v. State*, 2015-1236 (La. 6/3/16), 192 So. 3d 760. Reese did not file a petition for certiorari in the United States Supreme Court. [doc. # 1 ¶ 9(h)].

On May 25, 2017, Reese filed an application for post-conviction relief in the state district court, alleging that (1) trial counsel was ineffective for failing to object to the State's breach of the plea agreement; and (2) the State breached the plea agreement. (Record at 242–58).[2] The court denied Reese's application on July 10, 2017. (*Id.* at 271–77). On September 20, 2017, the Second Circuit denied his application for post-conviction relief. (*Id.* at 284). On December 17, 2018, the Louisiana Supreme Court denied Reese's application for a supervisory and/or remedial writ. *State ex rel. Reese v. State*, 2017-1812 (La. 12/17/18), 258 So. 3d 590. In its per curiam

---

[2] The State submitted a 330-page state court record. [docs. # 12-2–12-9]. References to the record are cited as "Record at [page #]," with the page number corresponding to the number inserted by the State.

opinion, the Louisiana Supreme Court found that Reese fully litigated his application for post-conviction relief in state court and exhausted his right to state collateral review. (*Id.*)

On January 22, 2019, Reese filed the instant habeas corpus petition, alleging (1) the state district court erred in denying his ineffective assistance of counsel claim without first holding an evidentiary hearing; and (2) he justifiably and reasonably believed the plea agreement was for two 20-year concurrent sentences based on what his counsel told him. [doc. # 1-2].

The State filed a response on June 5, 2019. [doc. # 12]. Reese did not file a reply.

## Standard of Review

Federal courts may provide habeas corpus relief to a state prisoner in accordance with 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under § 2254(d), after a state court has adjudicated a prisoner's claims on the merits, an application for a writ of habeas corpus may be granted only if the petitioner shows that the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

A decision is "contrary to" clearly established law if the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005) (citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). A decision involves an "unreasonable application" of clearly established law "if the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable

3

manner." *Id.* (citing *Williams*, 529 U.S. at 407–08). "Clearly established law" refers to "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412.

Section 2254(d)(2) involves a challenge to factual determinations made by state courts. *Hoffman v. Cain*, 752 F.3d 430, 437 (5th Cir. 2014). Federal courts presume such determinations to be correct; however, a petitioner can rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The AEDPA has put into place a deferential standard of review, and a federal court must defer to a state court adjudication on the merits. *Valdez v. Cockrell*, 274 F.3d 941, 950 (5th Cir. 2001). An adjudication is "on the merits" when "the state court resolves the case on substantive grounds, rather than procedural grounds." *Id.* at 946–47. A federal court reviews *de novo* a claim not adjudicated on the merits in state court. *Hoffman*, 752 F.3d at 437.

## Discussion

In his federal habeas corpus petition, Reese does not explicitly reassert his ineffective assistance of counsel or breach of plea agreement claims. The Court will nonetheless address these claims because the allegations in Reese's petition center on what his trial counsel told him and his beliefs concerning the plea agreement.

### I. Ineffective Assistance of Counsel

A. *Strickland* Application

To prevail on an ineffective assistance claim, a petitioner (1) "must show that counsel's performance was deficient" and (2) "the deficient performance prejudiced [him]." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to prove either prong defeats the claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998). A court need not analyze the prongs of this test in any particular order or even address both prongs if the defendant fails to make a sufficient showing on one. *Strickland*, 466 U.S. at 697. Further, "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green*, 160 F.3d at 1042.

The two-part *Strickland* test applies to ineffective assistance of counsel claims following a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To satisfy the first prong, Reese must prove his counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In applying the first prong, federal courts presume counsel has provided competent professional assistance. *Id.* at 689–90. A court deciding an ineffectiveness claim must judge the reasonableness of counsel's conduct on the facts of the case, at the time of the conduct, keeping in mind that counsel's function "is to make the adversarial testing process work in the particular case." *Id.* at 690.

To satisfy the second prong, Reese must show "counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

"In cases in which a defendant has entered a guilty plea, the only question for the court to determine is whether the defendant's decision to plead guilty was voluntary." *United States v. Harrison*, No. CR 09-00279-09, 2014 WL 12572909, at *5 (W.D. La. Aug. 21, 2014). "Once a voluntary, knowing and intelligent guilty plea has been entered by a criminal defendant, all non-jurisdictional defects in the proceedings preceding the plea are waived, including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea." *Thomas v. Cain*, No. CIV.A. 07-0739, 2007 WL 2874778, at *14 (W.D. La. Sept. 7, 2007) (citing *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983)).

Reese claims that his constitutional right to counsel was violated because his trial counsel allegedly told him the State offered a 20-year sentence for manslaughter to run concurrently with a 20-year sentence for armed robbery, and that representation is why he decided to accept the plea agreement. He claims counsel was ineffective for failing to object to the State's alleged breach of the plea agreement at sentencing. Given that Reese's decision to plead guilty purportedly depended on his counsel's representations, this issue survives waiver. *See United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) ("[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself."). However, Reese has not established that counsel's performance was deficient or caused prejudice.

In its ruling on Reese's application for post-conviction relief, the state district court determined Reese's claim was without merit. The court stated:

> The sole ineffective assistance of counsel claim alleged by Reese is that his attorney failed to object what is alleged to be the prosecutor's breach of a plea agreement. The reason that [his attorney] did not object is because there was no violation of the plea agreement and no cap on sentencing. This was clearly conveyed to Mr. Reese in his presence and by [the prosecutor] and by the Court. It is also set forth specifically in the plea agreement.

6

(Record at 275). The undersigned has reviewed the record and does not find the state's determination to be unreasonable.

The felony plea agreement, signed by Reese and his attorney, shows that Reese agreed to plead guilty to manslaughter and conspiracy to commit armed robbery. The additional provisions of the plea agreement stated "there are no agreements as to sentencing and no cap." (*Id.* at 82).

Further, on May 6, 2014, Reese appeared in court for a change of plea hearing, and the prosecutor described the plea offer as follows:

> PROSECUTOR: After Court yesterday the State through myself . . . spoke with defense counsel . . . we discussed a possible resolution of this matter which I understand we have reached an agreement on. And that is the defendant will be pleading guilty today to amended charge Count 1 of manslaughter and Count 2 he'll be pleading guilty as charged to conspiracy to commit armed robbery. The Court will impose a sentence – excuse me, will order that a pre-sentence investigation be conducted and will impose the sentence afterwards. There is no agreement as to sentence, there's no cap, we understand you know there's a possibility of concurrent, consecutive, whatever the Court deems to be an appropriate sentence, there's no agreement as to any of that.

(*Id.* at 144–45). The court then questioned Reese and determined he was competent to enter a plea and voluntarily and intelligently waived his constitutional rights. Additionally, Reese stated that he read, understood, and signed the plea agreement. Reese also informed the court that no one threatened, tricked, or framed him into pleading guilty, nor did anyone promise him anything to encourage him to plead, other than what was in the plea agreement. (*Id.* at 145–51).

Reese's attorney was also questioned at the hearing, and he informed the court that Reese had "been competent and able to discuss the case" and he believed Reese understood "the plea and its' consequences." (*Id.* at 151).

In support of his state court application for post-conviction relief, Reese attached two affidavits from his parents. The affidavits state that on May 5, 2014, his parents met with Reese's attorney who informed them that the prosecutor had offered two 20-year concurrent sentences. (*Id.* at 257–58). The state court reviewed the affidavits and concluded that even if Reese's parents thought the plea was for two 20-year sentences, Reese's plea was not invalid. (*Id.* at 275).

Reese has not provided sufficient evidence that his counsel indicated to him that he would receive a 20-year sentence on each charge to run concurrently. What his parents believed regarding the plea is irrelevant. The change of plea hearing and plea agreement clearly reflect that the State did not agree to any cap on the sentence or that his sentences should run concurrently. Reese was present at the hearing and stated that he understood and signed the plea agreement. Thus, as the state court determined, there was nothing for his counsel to object to, and Reese's ineffective assistance of counsel claim is without merit.

B. Failure to Hold an Evidentiary Hearing

Reese claims the trial court erred in denying his ineffective assistance of counsel claim without first holding an evidentiary hearing to determine if his counsel did in fact inform Reese that he would receive two 20-year concurrent sentences. [doc. # 1 at 11–12]. However, his claim that the trial court violated state law[3] by not holding a hearing is not cognizable on federal habeas corpus review, as it is not the province of federal courts to determine if state courts properly applied state law. *Pitts v. Tanner*, No. 6:14-CV-3415, 2015 WL 10045174, at *23 (W.D. La. Dec. 14, 2015).

---

[3] Louisiana Code of Criminal Procedure Article 930 governs evidentiary hearings in Louisiana state court post-conviction relief proceedings.

Further, "it is axiomatic that 'infirmities in state habeas proceedings do not constitute grounds for federal habeas relief.'" *Taylor v. Cain*, No. CIV.A. 6:09-0876, 2010 WL 6620876, at *12 (W.D. La. Nov. 5, 2010) (quoting *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004)). This is because "an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Rudd v. Johnson*, 256 F.3d 317, 320 (5th Cir. 2001). Thus, to the extent Reese claims the state court violated his federal constitutional rights by not holding an evidentiary hearing, this claim is also without merit. *See Taylor*, 2010 WL 6620876 at *12.

## II.    Breach of Plea Agreement

Reese claims the state court erred in concluding that he "could not have justifiably or reasonably believed the plea agreement was to two 20 year concurrent sentences. The Petitioner here argues that not only was his belief reasonable, but also justifiable according to what his counsel told him and his family." [doc. # 1-2 at 12]. He claims the only reason he did not go to trial was because of his attorney's assurances about his sentence. (*Id.* at 12–13). Reese's challenge to the state court's determination rests on his contention that the State breached the plea agreement by not complying with the offer he was told of by his trial counsel.

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such a promise must be fulfilled." *King v. Kieth*, No. 13-CV-2737, 2016 WL 4446316, at *2 (W.D. La. July 26, 2016) (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)). To obtain habeas corpus relief on the grounds that the prosecution breached the terms of a plea agreement, the petitioner bears the burden of proving (1) the terms of the alleged agreement; (2) when, where, and by

9

whom such an agreement was made; and (3) the identity of eyewitnesses to the agreement. *Id.* (citing *Bonvillain v. Blackburn*, 780 F.2d 1248, 1251 (5th Cir. 1986)).

Reese alleged that the State violated his plea agreement in his application for post-conviction relief in state court. The court rejected his claim, observing that

> there was no agreement for a 20 year cap. The record clearly reflected that Mr. Reese was aware that there was no cap on the plea to manslaughter and to conspiracy to commit armed robbery. He also understood that he was to be sentenced in accordance with a pre-sentence investigation . . . . Reese signed the written plea agreement which clearly conveyed there was no cap on any of the charges for sentencing. [The prosecutor] even stated specifically in the presence of Reese that the sentences could be concurrent, consecutive, or whatever the Court desires. Mr. Reese could not have justifiably or reasonably believed the plea agreement was to two 20 year concurrent sentences.
>
> There was no denial of Mr. Reese's due process rights as there was no breach of the plea agreement.

(Record at 276).

Reese has failed to point to any evidence in the state court record that indicates the prosecution agreed to two 20-year concurrent sentences. As discussed above, *supra* Part I.A., the written plea agreement, signed by Reese and his attorney, notes that there was no sentence agreement and no cap on sentencing. During the change of plea hearing, the prosecutor reiterated there was no cap on sentencing and the sentence could be consecutive. When questioned by the court, Reese stated he read and understood the plea and admitted to signing the agreement.

Based on the foregoing, the state court determined Reese did not satisfy his burden of proving breach of the plea agreement and that he could not have reasonably believed the plea agreement was for two 20-year concurrent sentences. Reese has failed to rebut the state court's factual findings by clear and convincing evidence, *see* 28 U.S.C. § 2254(e)(1), and there is no basis to conclude that the state court's determination is contrary to, or involves an unreasonable application of, clearly established federal law. Thus, this claim is also without merit.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the petition for habeas corpus filed by Petitioner Jessty Reese [doc. # 1] be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, shall bar an aggrieved party, except on grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the District Judge.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C.

§ 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

    In Chambers, Monroe, Louisiana, this 26th day of July 2019.

                                                     KAREN L. HAYES
                                                     UNITED STATES MAGISTRATE JUDGE